■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER RODRIGUEZ, Appellant. [627 NYS2d 780] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered April 8, 1993, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention that his waiver of his statutory right to be present at side-bar conferences was ineffective, we find that he waived this right knowingly, voluntarily, and intelligently *(see,* CPL 260.20; *People v Antommarchi,* 80 NY2d 247; *People v Sloan,* 79 NY2d 386; *People v Epps,* 37 NY2d 343, 349-350, *cert denied* 423 US 999; *People v Underwood,* 201 AD2d 597).

The defendant's contention that he should have been permitted to challenge a prospective juror for cause is without merit. Potential jurors may be challenged for cause if they have a "state of mind that is likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). When a question of a potential juror's impartiality is raised, the potential juror must unequivocally express that he or she will judge the case impartially and solely on the evidence. As a whole, the potential juror's responses to

questioning must indicate that he or she will render an impartial verdict as required by his or her oath. In this case the record indicates that this requirement was fulfilled *(see, People v Blyden,* 55 NY2d 73, 78).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.